JUDGE SCHEINDLIN

08 CV 5141

| | |
|---|---|
| **OUTTEN & GOLDEN LLP**<br>Justin M. Swartz (JS 7989)<br>Lauren Schwartzreich (LS 8260)<br>3 Park Avenue, 29th Floor<br>New York, New York 10016<br>Telephone: (212) 245-1000<br>Facsimile: (212) 977-4005 | **STUEVE SIEGEL HANSON LLP**<br>George A. Hanson, KS Bar # 16805<br>*(pro hac vice motion forthcoming)*<br>Richard M. Paul III, KS Bar # 17778<br>*(pro hac vice motion forthcoming)*<br>460 Nichols Road, Suite 200<br>Kansas City, Missouri 64112<br>Telephone: (816) 714-7100<br>Facsimile: (816) 714-7101 |

RECEIVED
JUN 0 4 2008
U.S.D.C. S.D. N.Y.
CASHIERS

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHUCK MacCONNACH, individually, and on behalf of a class of other similarly situated Inside Account Executives,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST FRANKLIN FINANCIAL CORPORATION, and MERRILL LYNCH & CO., INC., GLOBAL MARKETS AND INVESTMENT BANKING GROUP,<br><br>Defendants. | **CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Chuck MacConnach, individually and on behalf of all others similarly situated, for his Complaint against Defendants First Franklin Financial Corporation ("First Franklin") and Merrill Lynch & Co., Inc., Global Markets and Investment Banking Group ("Merrill") (collectively, "Defendants") states as follows:

### JURISDICTION AND VENUE

1.   The Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 *et. seq.*, authorizes court actions by private parties to recover damages for violation of the FLSA's overtime provisions. Jurisdiction over Plaintiff's FLSA claim is based on Section 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

2. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendants do business, or have done business, in this district, and the unlawful conduct giving rise to the claims, in part, occurred in this district. Further, Defendants maintain a registered agent in the district, and consent to venue in this district.

## PARTIES

3. Plaintiff Chuck MacConnach worked as a First Franklin inside account executive in First Franklin's Mt. Laurel, New Jersey location. Mr. MacConnach is a resident of Burlington County, New Jersey.

4. Plaintiff and all others similarly situated are former inside account executives employed by First Franklin who were victimized by First Franklin's unlawful compensation practices. Plaintiff was employed by First Franklin as an inside account executive within the last three years. Pursuant to 29 U.S.C. § 216(b), Plaintiff's written consent to become a party Plaintiff is attached hereto as Exhibit A.

5. Prior to December 30, 2006, First Franklin was a wholly-owned division of National City Mortgage, Inc., which was a wholly-owned subsidiary of National City Corporation (collectively "National City"). On or about December 30, 2006, National City sold First Franklin to Defendant Merrill Lynch & Co., Inc.'s Global Markets and Investment Banking Group resulting in the incorporation of First Franklin Financial Corporation. Defendant First Franklin is a Delaware corporation with a registered agent in the State of New York, and can be served through its registered agent CT Corporation System, 111 Eighth Avenue, New York, New York, 10011. Defendant Merrill is a Delaware corporation with its principal place of business in New York, and can be served through its registered agent CT Corporation System, 111 Eighth Avenue, New York, New York, 10011.

SSH 0646-91612

## FACTS

6. First Franklin was one of the nation's largest originators of sub-prime residential mortgage loans. First Franklin originated loans nationwide, including in New York.

7. Merrill is one of the world's largest wealth management, capital markets, and advisory companies with its global headquarters in New York City and provides mortgage loan services to brokers nationwide.

8. Plaintiff and all other similarly situated persons are former inside account executives ("inside AEs") employed by Defendants.

9. All inside AEs employed by Defendants over the last three years had essentially the same job duties.

10. The primary duty of a First Franklin inside account executive was to use internal leads provided by First Franklin to make contact with potential customers.

11. If a customer indicated interest in obtaining a mortgage from First Franklin, inside AEs would collect information to complete a loan application and forward the application to a loan underwriter for an approval decision.

12. Inside AEs had no authority or discretion to approve or disapprove a loan.

13. During the past three years, inside AEs regularly worked far in excess of forty hours per week. Plaintiff and all other similarly situated persons were told by First Franklin management that they were not entitled to receive overtime compensation.

14. For all or part of the relevant time period, First Franklin failed to keep accurate records reflecting the amount of time worked by inside AEs.

15. Plaintiff and all other similarly situated persons were not compensated for the substantial overtime hours they worked.

SSH 0646-91612

## COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff reasserts and re-alleges the allegations set forth in paragraphs 1 through 15 above.

17. Plaintiff brings the FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendants' practice of failing to accurately record all hours worked and failing to pay inside AEs for all overtime hours worked.

18. The class of employees on behalf of whom Plaintiff brings this collective action is similarly situated because they have been or are employed in the same or similar position as the individually-named Plaintiff and were subject to the same or similar unlawful practices as the individually-named Plaintiff. The number and identity of other plaintiffs yet to consent to be party plaintiffs may be determined from the records of Defendants, and potential plaintiffs may easily and quickly be notified of the pendency of this action.

## COUNT I

### Violation of the Fair Labor Standards Act of 1938 - Overtime Claims
### (Brought by Plaintiff individually and on behalf of All Others Similarly Situated)

19. Plaintiff reasserts and re-alleges the allegations set forth in paragraphs 1 through 18 above.

20. At all times material herein, Plaintiff and all other similarly situated employees have been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

21. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods

SSH 0646-91612

for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

22. Defendants were, and are, subject to the overtime pay requirements of the FLSA because they are both enterprises engaged in commerce and their employees are engaged in commerce.

23. Defendants willfully violated the FLSA by failing to pay inside AEs for overtime. In the course of perpetrating these unlawful practices, Defendants also willfully failed to keep accurate records of all hours worked by inside AEs.

24. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime pay obligations set forth under § 7(a)(1) of the FLSA. None of the FLSA exemptions apply to inside AEs, including Plaintiff. Accordingly, Plaintiff and all other similarly situated employees must be paid overtime pay in accordance with the FLSA.

25. On information and belief, the individually-named Plaintiff and all similarly situated employees are victims of a uniform and company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all inside AEs.

26. Plaintiff and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by § 6(a) of the Portal-to-Portal Pay Act, as amended, 29 U.S.C. § 255(a).

27. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in

SSH 0646-91612

an amount equal to the amount of unpaid overtime pay described above, pursuant to § 16(b) of the FLSA. Alternatively, should the Court find Defendants did not act willfully in failing to pay overtime pay, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

28. As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiff and all other similarly situated employees for which Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for relief as follows:

1. An order certifying this case as an FLSA collective action under § 216(b);

2. An order appointing Chuck MacConnach as a class representative and Stueve Siegel Hanson LLP and Outten & Golden LLP as class counsel;

3. An order finding that Defendants violated federal law as stated above;

4. Unpaid wages, including overtime, and other compensatory and statutory damages, and liquidated damages;

5. An order granting any equitable or injunctive relief necessary to provide full relief to Plaintiff and all other similarly situated employees;

6. Attorneys' fees and costs;

7. Pre- and post-judgment interest as provided by law; and

8. Such other and further relief as the Court deems just and proper.

SSH 0646-91612

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests trial by jury of all issues triable by jury.

DATED: June 4, 2008

Respectfully submitted,

_/s/ Justin M. Swartz_
Justin M. Swartz

Justin M. Swartz (JS 7989)
Lauren Schwartzreich (LS 8260)
**OUTTEN & GOLDEN LLP**
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Facsimile: (646) 509-2057

George A. Hanson, KS Bar # 16805
(*pro hac forthcoming*)
Richard M. Paul III, KS Bar # 17778
(*pro hac forthcoming*)
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, MO 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101

**ATTORNEYS FOR PLAINTIFFS**

SSH 0646-91612

# EXHIBIT A

## CONSENT TO BECOME A PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

I hereby consent to be a party plaintiff in the foregoing action.

Date: 4/29/08

Printed Name: Chuck MacConnach