| | |
|---|---|
| **OUTTEN & GOLDEN LLP**<br>Justin M. Swartz (JS 7989)<br>Lauren Schwartzreich (LS 8260)<br>3 Park Avenue, 29th Floor<br>New York, New York 10016<br>Telephone: (212) 245-1000<br>Facsimile: (212) 977-4005 | **STUEVE SIEGEL HANSON LLP**<br>George A. Hanson, KS Bar # 16805<br>(*pro hac vice motion forthcoming*)<br>Richard M. Paul III, KS Bar # 17778<br>(*pro hac vice motion forthcoming*)<br>460 Nichols Road, Suite 200<br>Kansas City, Missouri 64112<br>Telephone: (816) 714-7100<br>Facsimile: (816) 714-7101 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



RECEIVED JUL 10 2008 U.S.D.C. S.D.N.Y. CASHIERS

| | |
|---|---|
| CHUCK MacCONNACH and WALTER SCHMIDT, individually, and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>FIRST FRANKLIN FINANCIAL CORPORATION, and MERRILL LYNCH & CO., INC., GLOBAL MARKETS AND INVESTMENT BANKING GROUP,<br><br>　　　　　　　Defendants. | Case No. 08 Civ. 5141 (SAS)<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs Chuck MacConnach and Walter Schmidt, individually and on behalf of all others similarly situated, for their Complaint against Defendants First Franklin Financial Corporation ("First Franklin") and Merrill Lynch & Co., Inc., Global Markets and Investment Banking Group ("Merrill") (collectively, "Defendants") state as follows:

## NATURE OF THE ACTION

1.　　Defendants violated the Fair Labor Standards Act ("FLSA") by misclassifying their inside account executives and closer/funders as exempt employees and failing to properly pay them for all hours worked, including for overtime for hours worked over 40 in a work week. Plaintiffs bring these claims as a collective action on their own behalf and on behalf of other similarly situated employees, under 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision, 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

1. The Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 *et seq.*, authorizes court actions by private parties to recover damages for violation of the FLSA's overtime provisions. Jurisdiction over Plaintiffs' FLSA claims is based on Section 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337.

2. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendants do business, or have done business, in this district, and the unlawful conduct giving rise to the claims, in part, occurred in this district. Further, Defendants maintain a registered agent in the district, and consent to venue in this district.

## PARTIES

3. Plaintiff Chuck MacConnach worked as a First Franklin inside account executive in First Franklin's Mt. Laurel, New Jersey location. Mr. MacConnach is a resident of Burlington County, New Jersey.

4. Plaintiff Walter Schmidt worked as a First Franklin closer/funder in First Franklin's Mt. Laurel, New Jersey location. Mr. Schmidt is a resident of Camden County, New Jersey.

5. Plaintiffs and all others similarly situated are former inside account executives or closer/funders employed by First Franklin who were victimized by First Franklin's unlawful compensation practices. Plaintiffs were both employed by First Franklin within the last three years. Pursuant to 29 U.S.C. § 216(b), Plaintiffs' written consents to become party Plaintiffs are attached hereto as Exhibit A and B.

6. Prior to December 30, 2006, First Franklin was a wholly-owned division of National City Mortgage, Inc., which was a wholly-owned subsidiary of National City

Corporation (collectively "National City"). On or about December 30, 2006, National City sold First Franklin to Defendant Merrill Lynch & Co., Inc.'s Global Markets and Investment Banking Group resulting in the incorporation of First Franklin Financial Corporation. Defendant First Franklin is a Delaware corporation with a registered agent in the State of New York, and can be served through its registered agent CT Corporation System, 111 Eighth Avenue, New York, New York, 10011. Defendant Merrill is a Delaware corporation with its principal place of business in New York, and can be served through its registered agent CT Corporation System, 111 Eighth Avenue, New York, New York, 10011.

## FACTS

7. First Franklin was one of the nation's largest originators of sub-prime residential mortgage loans. First Franklin originated loans nationwide, including in New York.

8. Merrill is one of the world's largest wealth management, capital markets, and advisory companies with its global headquarters in New York City and provides mortgage loan services to brokers nationwide.

9. Plaintiff MacConnach and all other inside account executives ("inside AEs") employed by Defendants over the last three years had essentially the same job duties.

10. The primary duty of a First Franklin inside AE was to use internal leads provided by First Franklin to make contact with potential customers.

11. If a customer indicated interest in obtaining a mortgage from First Franklin, inside AEs would collect information to complete a loan application and forward the application to a loan underwriter for an approval decision.

SSH 0646-102447

12. Once the loan underwriter approved a loan application, the loan file was provided to the closer/funder to handle the loan closing process and to ensure delivery of the funds to the loan applicant.

13. Plaintiff Schmidt and all other closer/funders employed by Defendants over the last three years had essentially the same job duties.

14. Neither inside AEs nor closer/funders had any authority or discretion to approve or disapprove a loan.

15. During the past three years, both inside AEs and closer/funders regularly worked far in excess of forty hours per week. Plaintiffs and all other similarly situated persons were told by First Franklin management that they were not entitled to receive overtime compensation.

16. For all or part of the relevant time period, First Franklin failed to keep accurate records reflecting the amount of time worked by inside AEs and closer/funders.

17. Plaintiffs and all other similarly situated persons were not compensated for the substantial overtime hours they worked.

## COLLECTIVE ACTION ALLEGATIONS

18. Plaintiffs incorporate herein the allegations set forth above.

19. Plaintiffs brings this FLSA claim as a collective action under 29 U.S.C. § 216(b). Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging Defendants' practice of failing to accurately record all hours worked and failing to pay inside AEs and closer/funders for all overtime hours worked.

20. The classes of employees on behalf of whom Plaintiffs bring this collective action are similarly situated because they have been or are employed in the same or similar positions as the individually-named Plaintiffs and were subject to the same or similar unlawful practices as

4

SSH 0646-102447

12. Once the loan underwriter approved a loan application, the loan file was provided to the closer/funder to handle the loan closing process and to ensure delivery of the funds to the loan applicant.

13. Plaintiff Schmidt and all other closer/funders employed by Defendants over the last three years had essentially the same job duties.

14. Neither inside AEs nor closer/funders had any authority or discretion to approve or disapprove a loan.

15. During the past three years, both inside AEs and closer/funders regularly worked far in excess of forty hours per week. Plaintiffs and all other similarly situated persons were told by First Franklin management that they were not entitled to receive overtime compensation.

16. For all or part of the relevant time period, First Franklin failed to keep accurate records reflecting the amount of time worked by inside AEs and closer/funders.

17. Plaintiffs and all other similarly situated persons were not compensated for the substantial overtime hours they worked.

## COLLECTIVE ACTION ALLEGATIONS

18. Plaintiffs incorporate herein the allegations set forth above.

19. Plaintiffs brings this FLSA claim as a collective action under 29 U.S.C. § 216(b). Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging Defendants' practice of failing to accurately record all hours worked and failing to pay inside AEs and closer/funders for all overtime hours worked.

20. The classes of employees on behalf of whom Plaintiffs bring this collective action are similarly situated because they have been or are employed in the same or similar positions as the individually-named Plaintiffs and were subject to the same or similar unlawful practices as

the individually-named Plaintiffs. The number and identity of other plaintiffs yet to consent to be party plaintiffs may be determined from the records of Defendants, and potential plaintiffs may easily and quickly be notified of the pendency of this action.

## COUNT I

### Violation of the Fair Labor Standards Act of 1938 - Overtime Claims
### (Brought by Plaintiffs individually and on behalf of All Others Similarly Situated)

21. Plaintiffs incorporate herein the allegations set forth above.

22. At all times material herein, Plaintiffs and all other similarly situated employees have been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

23. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

24. Defendants were, and are, subject to the overtime pay requirements of the FLSA because they are both enterprises engaged in commerce and their employees are engaged in commerce.

25. Defendants willfully violated the FLSA by failing to pay inside AEs and closer/funders for overtime. In the course of perpetrating these unlawful practices, Defendants also willfully failed to keep accurate records of all hours worked by inside AEs and closer/funders.

26. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime pay obligations set forth under § 7(a)(1) of the FLSA. None of the FLSA exemptions apply to inside AEs or closer/funders, including Plaintiffs. Accordingly,

SSH 0646-102447

Plaintiffs and all other similarly situated employees must be paid overtime pay in accordance with the FLSA.

27.  On information and belief, the individually-named Plaintiffs and all similarly situated employees are victims of a uniform and company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all inside AEs and closer/funders.

28.  Plaintiffs and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by § 6(a) of the Portal-to-Portal Pay Act, as amended, 29 U.S.C. § 255(a).

29.  Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above, pursuant to § 16(b) of the FLSA. Alternatively, should the Court find Defendants did not act willfully in failing to pay overtime pay, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

30.  As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiffs and all other similarly situated employees for which Defendants are liable under 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs of this action.

SSH 0646-102447

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, pray for relief as follows:

1. An order certifying this case as an FLSA collective action under § 216(b);

2. An order authorizing Plaintiffs to give notice of this collective action, or that the Court issue such notice, to all members of the FLSA Collective. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this action if they believe they were denied proper wages; and

3. An order appointing Chuck MacConnach and Walter Schmidt as representatives of the collective action and Stueve Siegel Hanson LLP and Outten & Golden LLP as counsel for all opt-in Plaintiffs;

4. An order finding that Defendants violated federal law as stated above;

5. Unpaid wages, including overtime, and other compensatory and statutory damages, and liquidated damages;

6. An order granting any equitable or injunctive relief necessary to provide full relief to Plaintiff and all other similarly situated employees;

7. Attorneys' fees and costs;

8. Pre- and post-judgment interest as provided by law; and

9. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury.

SSH 0646-102447

DATED: July 10, 2008                    Respectfully submitted,

                                        /s/ Justin M. Swartz
                                        _____
                                        Justin M. Swartz

                                        Justin M. Swartz (JS 7989)
                                        Lauren Schwartzreich (LS 8260)
                                        **OUTTEN & GOLDEN LLP**
                                        3 Park Avenue, 29th Floor
                                        New York, NY 10016
                                        Telephone: (212)-245-1000
                                        Facsimile: (646)-509-2057

                                        George A. Hanson, KS Bar # 16805
                                        (*pro hac forthcoming*)
                                        Richard M. Paul III, KS Bar # 17778
                                        (*pro hac forthcoming*)
                                        **STUEVE SIEGEL HANSON LLP**
                                        460 Nichols Road, Suite 200
                                        Kansas City, MO 64112
                                        Telephone: (816) 714-7100
                                        Facsimile: (816) 714-7101

                                        **ATTORNEYS FOR PLAINTIFFS**

SSH 0646-102447

# EXHIBIT A

## CONSENT TO BECOME A PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

I hereby consent to be a party plaintiff in an action against First Franklin Financial Corporation and Merrill Lynch & Co., Inc., Global Markets and Investment Banking Group.

_____
Walter Schmidt

Date: 7/8/08

# EXHIBIT B

## CONSENT TO BECOME A PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

I hereby consent to be a party plaintiff in the foregoing action.

Date: 4/29/08

Printed Name: Chuck MacConnach