**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| CHUCK MacCONNACH and WALTER SCHMIDT, individually, and on behalf of all others similarly situated<br><br>                        Plaintiffs,<br><br>-against-<br><br>FIRST FRANKLIN FINANCIAL CORPORATION AND MERRILL LYNCH & CO., INC., GLOBAL MARKETS AND INVESTMENT BANKING GROUP,<br><br>                        Defendants. | Civil Action No. 08 CV 5141 (SAS)<br><br>**ECF CASE**<br><br>**DEFENDANTS ANSWER TO PLAINTIFFS FIRST AMENDED COMPLAINT** |

Defendants First Franklin Financial Corporation ("First Franklin") and Merrill Lynch & Co., Inc. ("Merrill Lynch"; erroneously sued as Merrill Lynch & Co., Inc., Global Markets and Investment Banking Group)[1] (collectively "Defendants"), as and for their Answer to the First Amended Complaint of Plaintiffs filed July 10, 2008 ("FAC"), hereby state as follows:

<u>NATURE OF THE ACTION</u>

1.      With respect to the allegations of the first paragraph numbered "1," state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied. Further responding, Defendants specifically deny that Defendant Merrill Lynch employed Plaintiffs or other individuals as inside account executives or closer/funders. Defendants also specifically deny that First Franklin's inside account executives and closers were classified as exempt employees at any time during the relevant time period. Upon information and belief, Defendants state that First Franklin did not have a position known as closer/funder during the

---

[1] The Global Markets and Investment Banking Group is a business segment within Merrill Lynch & Co, Inc.; it is not a separate entity.

relevant time period, but rather had the position of closer.  Finally, Defendants specifically deny that Plaintiffs' claims may appropriately proceed as a collective action.

## JURISDICTION AND VENUE

1.      With respect to the allegations of the second paragraph numbered "1," state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.[2]

2.      With respect to the allegations of paragraph 2, state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, these allegations are denied, except Defendants admit that Defendants do or have done business in this district and maintain a registered agent in this district.

## PARTIES

3.      With respect to the allegations of paragraph 3, Defendants lack sufficient information to form a belief as to the truth of these allegations and, on that basis, deny them, except they admit that Plaintiff Chuck MacConnach worked as a First Franklin inside account executive in its Mt. Laurel, New Jersey, location, at some point during the three years preceding the filing of this action.

4.      With respect to the allegations of paragraph 4, Defendants lack sufficient information to form a belief as to the truth of these allegations and, on that basis, deny them, except they admit that Plaintiff Walter Schmidt worked as a First Franklin closer in its Mt. Laurel, New Jersey, location at some point during the three years preceding the filing of this action.

---

[2] The FAC contains two paragraphs numbered "1."

5.      With respect to the allegations of paragraph 5, admit that Plaintiffs were both employed by First Franklin at some point within the three years preceding the filing of this action.  Defendants state that the remaining allegations in this paragraph consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, these allegations are denied.

6.      Deny the allegations of paragraph 6, except admit that Defendant First Franklin is a Delaware corporation with a registered agent in the State of New York and can be served through its registered agent, CT Corporation System, 111 Eighth Avenue, New York, New York, 10011; and that Defendant Merrill Lynch is a Delaware corporation with its principal place of business in New York and can be served through its registered agent, CT Corporation System, 111 Eighth Avenue, New York, New York, 10011.   Further responding, Defendants state that Merrill Lynch, through a subsidiary, acquired the shares of First Franklin from National City on or about December 30, 2006.

## FACTS

7.      Deny the allegations of paragraph 7, except admit that First Franklin was an originator of residential mortgage loans and originated such loans in New York.

8.      Deny the allegations of paragraph 8, except admit that Merrill Lynch is a wealth management, capital markets and advisory company with its headquarters in New York City and, through its First Franklin subsidiary, provided mortgage loan services to brokers nationwide.

9.      Deny the allegations of paragraph 9, and specifically deny that Defendant Merrill Lynch employed Plaintiff MacConnach or other inside account executives.

10.      With respect to the allegations of paragraph 10, state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, these allegations are denied, except Defendants

admit that First Franklin's inside account executives' job duties generally included, among other things, initiating and maintaining working relationships with brokers, which would, on some occasions, include using internal leads.

11.    With respect to the allegations of paragraph 11, these allegations are denied, except Defendants admit that First Franklin's inside account executives' job duties generally included, among other things, collecting some information from brokers to prepare initial information for loan applications and submitting the applications for underwriting and approval.

12.    With respect to the allegations of paragraph 12, these allegations are denied, except Defendants admit that First Franklin's closers' job duties generally included, among other things, setting up the closing transaction and ensuring that the funding requirements were prepared correctly.

13.    Deny the allegations of paragraph 13, and specifically deny that Defendant Merrill Lynch employed Plaintiff Schmidt or other closers.

14.    With respect the allegations of paragraph 14, state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, these allegations are denied, except Defendants admit that neither inside account executives nor closers had any authority or discretion to approve or disapprove a loan.

15.    With respect the allegations of paragraph 15, state that the allegation that "During the past three years, both inside AEs and closer/funders regularly worked far in excess of forty hours per week" consists of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, this allegations is denied, and Defendants deny the remaining allegations of paragraph 15.

16.     With respect the allegations of paragraph 16, state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, these allegations are denied.

17.     Deny the allegations of paragraph 17.

<u>**COLLECTIVE ACTION ALLEGATIONS**</u>

18.     With respect to paragraph 18, repeat and reallege the applicable responses contained herein.

19.     With respect to the allegations of paragraph 19, state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, the allegations are denied.  Further responding, Defendants specifically deny that Defendant Merrill Lynch employed Plaintiffs or other inside account executives or closer/funders.  Defendants also specifically deny that this claim may appropriately proceed as a collective action.

20.     With respect to the allegations of paragraph 20, state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, the allegations are denied.  Further responding, Defendants specifically deny that this claim may appropriately proceed as a collective action.

<u>**COUNT I**</u>

21.     With respect to paragraph 21, repeat and reallege the applicable responses contained herein.

22.     With respect to the allegations of paragraph 22, state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, Defendants admit that the FLSA applied to

Plaintiffs but denies the remaining allegations of this paragraph. Further responding, Defendants specifically deny that any of First Franklin's employees were similarly situated to either Plaintiff.

23.     With respect to the allegations of paragraph 23, state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.

24.     With respect to the allegations of paragraph 24, state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.

25.     Deny the allegations of paragraph 25.

26.     With respect to the allegations of paragraph 26, state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, Defendants deny that any of First Franklin's employees were similarly situated to either Plaintiff.

27.     With respect to the allegations of paragraph 27, state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied, except Defendants admit that First Franklin's inside account executives and closers were subject to company compensation policies.

28.     Deny the allegations of paragraph 28.

29.     With respect to the allegations of paragraph 29, state that the following allegations consist of statements and/or conclusions of law to which no responsive pleading is required: "Alternatively, should the Court find Defendants did not act willfully in failing to pay overtime pay, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate." To the extent a response is deemed required,

however, these allegations are denied, and Defendants deny the remaining allegations of paragraph 29.

30.     Deny the allegations of paragraph 30.

## PRAYER FOR RELIEF

With respect to Plaintiffs' prayer for relief and each of its subparts, deny that Plaintiffs and/or other First Franklin inside account executives or closers are entitled to the relief claimed, and state that the remaining allegations in this paragraph consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied.

Defendants deny all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Defendants assert the following separate and independent affirmative defenses:

## AS AND FOR A
## FIRST AFFIRMATIVE DEFENSE

31.     The FAC fails to state a claim upon which relief can be granted.

## AS AND FOR A
## SECOND AFFIRMATIVE DEFENSE

32.     Each cause of action in the FAC is barred, in whole or in part, by the applicable statute of limitations, including but not limited to 29 U.S.C. § 255(a) or other applicable law.

## AS AND FOR A
## THIRD AFFIRMATIVE DEFENSE

33.     Without assuming the burden of proof on this issue, each cause of action in the FAC is barred, in whole or in part, because at all relevant times Plaintiffs and others allegedly similarly situated were paid all wages owed, including premium overtime compensation as required by applicable law.

## AS AND FOR A
## FOURTH AFFIRMATIVE DEFENSE

34.     Each cause of action in the FAC is barred, in whole or in part, because the time for which Plaintiffs and others allegedly similarly situated seek overtime compensation is not compensable working time under the FLSA.

## AS AND FOR A
## FIFTH AFFIRMATIVE DEFENSE

35.     Each cause of action in the FAC is barred, in whole or in part, by unavailability of the relief requested, including without limitation, the unavailability of damages, interest and/or attorney fees.  Specifically, and among other things, claims for liquidated damages under the FLSA are precluded by the "good faith" defense set forth in 29 U.S.C. § 260 and 29 C.F.R. § 790.22(b).

## AS AND FOR A
## SIXTH AFFIRMATIVE DEFENSE

36.     Each cause of action in the FAC is barred, in whole or in part, because to the extent Defendants engaged in any alleged wrongful conduct, such conduct was undertaken in good faith and with reasonable grounds for believing such actions were not in violation of federal law or other applicable law.

## AS AND FOR A
## SEVENTH AFFIRMATIVE DEFENSE

37.     Each cause of action in the FAC is barred, in whole or in part, because Plaintiffs and others allegedly similarly situated have not sustained any injury or damage by reason of any act or omission of Defendants.

## AS AND FOR A
## EIGHTH AFFIRMATIVE DEFENSE

38.     Each cause of action in the FAC is barred, in whole or in part, because if Plaintiffs and others allegedly similarly situated were damaged in any way as a result of the matters alleged in the FAC, the damage or injury was due wholly to their own conduct.

## AS AND FOR AN
## NINTH AFFIRMATIVE DEFENSE

39.     Each cause of action in the FAC is barred, in whole or in part, because Plaintiffs lack standing to pursue the claim.

## AS AND FOR A
## TENTH AFFIRMATIVE DEFENSE

40.     Plaintiffs cannot establish that any of their claims are appropriate to proceed on a representative and/or collective action basis.

## AS AND FOR A
## ELEVENTH AFFIRMATIVE DEFENSE

41.     To the extent that Plaintiffs and others allegedly similarly situated were paid compensation beyond that to which they were entitled while employed by First Franklin, such additional compensation would satisfy in whole or part any alleged claim for unpaid overtime or other monetary relief.

## AS AND FOR AN
## TWELFTH AFFIRMATIVE DEFENSE

42.     Upon information and belief, Defendants allege that Plaintiffs are barred and precluded from any relief on their FAC because they have failed and refused to mitigate their damages, if any.

## AS AND FOR A
## THIRTEENTH AFFIRMATIVE DEFENSE

43.     Without assuming the burden of proof on this issue, each cause of action in the FAC is barred, in whole or in part, because Defendant Merrill Lynch did not employ Plaintiffs or other inside account executives or closers.

## AS AND FOR AN
## FOURTEENTH AFFIRMATIVE DEFENSE

44.     Each cause of action in the FAC is barred, in whole or in part, by the doctrines of laches, waiver, estoppel, and/or unclean hands.

Defendants state that they currently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available.  Defendants reserve the right to assert additional affirmative defenses in the event that discovery indicates they would be appropriate.

WHEREFORE, Defendants respectfully request that judgment be entered:

1.      Dismissing the FAC with prejudice;

2.      Granting Defendants their costs and attorneys fees incurred herein pursuant to relevant statutes; and

3.      Granting Defendants such other and further relief as the Court may deem just and proper.

Dated: July 31, 2008
New York, New York

Respectfully Submitted,


_____/s/_____
A. Michael Weber (AW-8760)
Lisa R. Norman (LN-9725)
LITTLER MENDELSON
A Professional Corporation
885 Third Avenue, 16th Floor
New York, NY  10022-4834
(212) 583-9600
(212) 832-2719 (fax)


Terry E. Sanchez (Admitted *Pro Hac Vice*)
California State Bar No. 101318
Katherine M. Forster (Admitted *Pro Hac Vice*)
California State Bar No. 217609
(Attorneys-in-Charge)
MUNGER TOLLES & OLSON LLP
355 S. Grand Ave., 35th Floor
Los Angeles, CA 90071-1560
213.683.9538 (direct)
213.593.2838 (fax)


Attorneys for Defendants
First Franklin Financial Corporation and
Merrill Lynch & Co., Inc.

86073671.1 028275.1016

11